————O————

## 5121.

### (Court of Appeal, Parish of Orleans).

## MRS. LIZZIE CARUTHERS vs. UNITED STATES SAFETY DEPOSIT AND SAVINGS BANK.

1. Where a minor child is without a tutor, but has rights to assert or property to be administered, within the jurisdiction of the court, a parent vested with the care of such child, may take all necessary steps to have its claim liquidated and to preserve its property and have the same administered through the medium of the court, even though such parent may not be vested with the full authority of a duly qualified tutor.

    Fisk vs. Fisk, 2 An., 71.

2. Section 3 of Act 45 of 1902, relative to trust and savings banks, authorizing minors to withdraw deposits, made by themselves, on their own signatures without other authorization, was intended principally for the protection of the banks, and was

not intended to diminish the authority of parents over the estates of their minor children.

Appeal from Civil District Court, Division "A."

B. R. Forman, for plaintiff and appellee.

Denegre & Blair and Leovy, for defendant and appellant.

ST. PAUL, J.—Plaintiff was married to A. H. Stoddard and of this marriage several children were born who are still minors. From time to time relatives of these minors had made them presents of small sums of money which plaintiff deposited to their credit in defendant bank. These deposits finally aggregated about $100 for each minor.

Subsequently plaintiff sued for and obtained a divorce from her said husband and was given "the permanent control and custody" of her said minor children. She then filed this suit setting forth the facts as above and averring that defendant had refused to pay said sums to petitioner. Wherefore, she prayed that defendant be condemned to pay said sums to her for the use and benefit of her minor children, and in the alternative "that the court decree that the said children are entitled to credit on the books of said institution for the said respective sums of money."

To this petition defendant excepted that plaintiff was "without authority to bring this suit."

The exception is not well founded. Article 157 of the Civil Code declares "in all cases of divorce the minor children shall be placed under the tutorship of that party who shall have obtained the divorce."

We do not deem it necessary to consider at this time the full extent of the powers which may be exercised

by virtue of this "tutorship," but it is certain that it gives to such parent at least the care, control and custody of the children. And where a minor child is without a tutor, but has rights to assert, or property to be administered within the jurisdiction of the court, a parent vested with the care of such child may take all necessary steps to have its claims liquidated and to preserve and administer its property through the medium of the courts even though such parent may not be vested with the full authority of a duly qualified tutor.

### Fisk vs. Fisk, 2 An. 71.

Accordingly, we think that plaintiff has authority to stand in judgment herein, for the purpose of asserting, liquidating and preserving the rights of her minor children, even if it be conceded that she is without authority to take actual possession of their property.

The district judge having overruled this exception, as we do now, defendant then set up as a defense, and established by proof, that said sums had already been withdrawn by the father of said minor at a time long previous to the suit for divorce and when he was vested by law with the administration of their estates.

Plaintiff urges that the payments so made to the father were not valid and did not discharge defendant from its liability to the minors. For ground of her contention she relies on Section 3 of Act 45 of 1902, relative to banks organized for the purpose of conducting a savings, safe deposit and trust business, which reads as follows:

> "Money or other property deposited in said bank by married women or minors themselves may be drawn out by them upon their own order or signature without other authorization."

It will be observed that this section refers in words to such monies as may be deposited by married women and

minors **themselves,** and not to monies deposited by others for their account. But even considering that it might apply to any monies deposited to their credit by whomsoever, the law does not declare that the monies so deposited can be drawn out only by the parties themselves, nor do we think that such was the purpose of the law.

This provision, found in a statute relating to banking institutions may have been inserted therein partly for the convenience of married women and minors, but it was undoubtedly intended principally for the protection of the banks themselves, who, as may readily be seen, must often be ignorant of the true status of many of their numerous depositors.

We do not think, however, that this provision, interpolated in a law wholly foreign to the subject, was intended to diminish, in this indirect way, the authority of parents over the estates of their children.

We are, therefore, of opinion that our brother of the district court was in error in refusing to recognize the payments made to the father during the marriage, and accordingly the judgment ordering the reinstatement of the credits must be reversed.

It is, therefore, ordered that the judgment appealed from be annulled, avoided and reversed and it is now ordered that there be judgment in favor of the defendant, the United States Safe Deposit and Savings Bank, and against the plaintiff, Mrs. Lizzie Carruthers, divorced wife of Albert H. Stoddard, rejecting the demand of said plaintiff at her cost in both courts.